FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 02 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NATASHA FLETCHER, individually and
on behalf of all others similarly situated        PLAINTIFF

V.          CASE NO. 4:22-CV-91-BRW

CONWAY BEHAVIORAL HEALTH, LLC           DEFENDANT

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Natasha Fletcher individually and on behalf of all others similarly situated, by and through her attorney Chris Burks of WH LAW, for her Class and Collective Action Complaint against Conway Behavioral Health, LLC, she does hereby state and allege as follows:

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

### I.   PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiff Natasha Fletcher individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff Natasha Fletcher, individually and on behalf of all others similarly situated, brings this action for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated the lawful overtime compensation for hours worked in excess of forty (40) hours per work under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), and lawful shift differential payments in violation of the contract Plaintiff and all others similarly situated entered into with the Defendant as a condition of employment.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Van Buren County.

13. Plaintiff Natasha Fletcher was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

15. Defendant Conway Behavioral Health, LLC is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

16. Defendant Conway Behavioral Health, LLC's registered agent for service of process in Arkansas is CT Corporation System, 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

17. Defendant Conway Behavioral Health, LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Defendant Conway Behavioral Health, LLC is a treatment center that provides inpatient, outpatient, and partial hospitalization programs for adolescents and adults with mental health disorders.

19. During the time period relevant to this case, Plaintiff was employed by the Defendant as a Registered Nurse at their location in Conway, Arkansas.

20. Defendant Conway Behavioral Health, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have

been moved in or produced for commerce by others, such as medications and medical supplies and equipment.

21. Defendant Conway Behavioral Health, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### IV.   FACTUAL ALLEGATIONS

22. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

23. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee.

24. Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

25. Plaintiff and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

26. Plaintiff and other hourly-paid employees were also regularly paid non-discretionary bonuses and shift differential payments for picking up shifts at Defendant's facility.

27. In addition, Defendant did not pay Plaintiff and other hourly-paid employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

28. When calculating Plaintiff's and other hourly-paid employees' base hourly rates, Defendant did not include the pay incentives paid to Plaintiff and other hourly-paid employees in their regular rates of pay when calculating their overtime pay.

29.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

30.     Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and other hourly-paid employees in their regular rate when calculating their overtime pay.

31.     Defendant's pay practices were the same for all hourly workers they employed.

32.     Defendant knew or showed reckless disregard for whether the way they paid Plaintiff and other hourly-paid employees violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

33.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

34.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35.     Plaintiff brings her FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

36. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates; and

C. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

38. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

39. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. **AMWA and Breach of Contract Rule 23 Class**

#### I.) **First Sub-Class**

40. Plaintiff Natasha Fletcher, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for

relief for breach of contract and unjust enrichment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41. Plaintiff Fletcher proposes to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

42. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant entered into and breached a contract with Fletcher and other employees; and whether Defendant has been unjustly enriched by its failure to lawfully pay Plaintiff Fletcher and the other employees for all the time they contracted for.

43. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

44. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

45. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 35 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

46. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

47. Concentrating the litigation in this forum is highly desirable because Plaintiff Fletcher worked for and experienced the same violations of the AMWA, breach of contract, and unjust enrichment that all others class members suffered.

48. No difficulties are likely to be encountered in the management of this class action.

49. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

50. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

51. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including breach of contract cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

52. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

53. This litigation is properly brought as a class action because Plaintiff Fletcher's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein. Like all Class members, Plaintiff Fletcher was injured by Defendant's failure to follow its policies and practices and pay what it promised under its contract.

54. Plaintiff Fletcher has no interests antagonistic to the interests of the other members of the Class. Plaintiff Fletcher is committed to the vigorous prosecution of this action

and has retained competent counsel experienced in class litigation. Accordingly, Plaintiff Fletcher is an adequate representative and will fairly and adequately protect the interests of the class.

55. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a.) Common questions of law and/or fact predominate over any individual questions which may arise, and accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

b.) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

56. Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

### II.) Second Sub-Class

57. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. Plaintiff proposes to represent the class of workers on behalf of all hourly-paid employees employed by Defendant within the state of Arkansas at any time within the

applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

 A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

 B. Liquidated damages; and

 C. Attorneys' fees and costs.

 59. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to pay a lawful overtime premium, Defendant paid members of the proposed class a lawful wage in accordance with the AMWA.

 60. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

 61. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann.§ 11-4-202.

 62. Plaintiffs are unable to state the exact number of the potential members of the

AMW A class but believes that the class exceeds 35 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

63. At the time of the filing of this Amended Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Amended Complaint.

64. Concentrating the litigation in this forum is highly desirable because Defendant's Conway facility is located in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

65. No difficulties are likely to be encountered in the management of this class action.

66. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as an employee for Defendant and experienced the same violations of the AMW A that all other class members suffered.

67. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

68. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

69. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

**VI. FIRST CLAIM FOR RELIEF**

**(Individual Claim for Breach of Contract
and unjust enrichment in the alternative on behalf of Plaintiff Fletcher)**

70. Plaintiff Fletcher repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

71. Defendant offered, and Plaintiff Fletcher accepted, employment with Defendant creating a contract of employment. Plaintiff Fletcher justifiably relied upon Defendant's promise to pay set rates for shift differential payments in accepting the contract for employment.

72. At different times, Defendant, through its employees/managers and/or agents, withheld the shift differential payments, resulting in Plaintiff Fletcher receiving less than provided for in the contract.

73. The consideration for each contract of employment was the payment of wages as agreed upon by Defendant and Plaintiff.

74. Plaintiff Fletcher performed all conditions precedent to performance by Defendant.

75. Defendant breached this contract of employment with Plaintiff Fletcher by deliberately failing to pay Plaintiff Fletcher as promised, including withholding shift different payments.

76. Plaintiff Fletcher was damages by Defendant's breach in that she was not compensated or covered because of Defendant's breach.

77. Plaintiff Fletcher is entitled to recover all damages she is owed as a result of this breach of contract.

**VII.   SECOND CLAIM FOR RELIEF**

**(Individual Claim for Violation of FLSA)**

78. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

79. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

80. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

81. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

82. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in their regular rate when calculating their overtime pay.

83. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

84. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

86. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

87. Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

88. Plaintiff bring this action on behalf of herself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

89. During the period relevant to this lawsuit, Defendant classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

90. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

91. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

92. In the past three years, Defendant has employed many hourly-paid employees.

93. Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

94. Defendant failed to pay these workers at the proper overtime rate.

95. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week or was paid a bonus.**

96. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

97. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

98. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.   FOURTH CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

99. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

100. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

101. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

102. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

103. Defendant failed to pay Plaintiff all overtime wages owed as required under the AMWA.

104. Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's failure to include non-discretionary bonuses in Plaintiff's overtime pay, which resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

105. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

106. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

107. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### X.   FIFTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA, breach of contract and unjust enrichment)

108. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

### 1.) First AMWA sub-class

109. All members of the proposed sub-class received the same contract offer and had the same breach as discussed above, *supra*.

110. Plaintiff Fletcher, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant, breaches of contract and unjust enrichment.

111. At all relevant times, Defendant failed to uphold Defendant's promises to Plaintiff Fletcher and the proposed class, as well as unjustly enriched themselves.

112. Despite the entitlement of Plaintiff Fletcher and members of the proposed class to payments for shift differential payments, Defendant failed to provide Plaintiff Fletcher and the proposed class what they bargained for, and instead kept the benefit in the form of the withheld shift differential payments to themselves.

113. Plaintiff Fletcher proposes to represent the breach of contract and unjust enrichment liability class of individuals defined as follows:

> **All individuals employed by Defendant in Arkansas within the past three years who did not receive their contracted shift differential payments.**

114. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

### 2) Second AMWA sub-class

116. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

117. At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

118. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

119. Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed as required under the AMWA.

120. Defendant's failure to include non-discretionary bonuses in Plaintiff's and members of the proposed class's overtime pay resulted in a failure to pay Plaintiff and members of the proposed class full and complete overtime during weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours.

121. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week or was paid a bonus.**

122. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

123. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

124. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and

members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Natasha Fletcher respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff, the class, and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for breach of contract and unjust enrichment;

(F) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(G) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(J) An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(K) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Natasha Fletcher, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:  *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law