IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NATASHA FLETCHER,** individually and
on behalf of all others similarly situated                                  **PLAINTIFF**

v.                       Case No. 4:22-CV-91-BRW

**CONWAY BEHAVIORAL HEALTH, LLC**                              **DEFENDANT**

### JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS CASE

Plaintiff Natasha Fletcher and Conway Behavioral Health, LLC, by and through their undersigned counsel, jointly submit the following Joint Motion to Approve Settlement and to Dismiss this case:

1.  Plaintiff initiated this class and collective action complaint on February 2, 2022. *See* ECF No. 1. Plaintiff's Complaint alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *Id.* Plaintiff alleged that Defendant failed to pay Plaintiff and similarly situated employees in accordance with the requirements of the FLSA and AMWA. *Id.*

2.  Defendant disputes that Plaintiff and any applicable similarly situated employees were not properly compensated for all hours worked, thereby creating a bona fide dispute as to wages owed. Defendant disputes that Plaintiff and similarly situated employees are owed any wages, overtime premium payment, liquidated damages, or any amounts for those periods in which Defendant paid Plaintiff and other hourly-paid employees non-discretionary bonuses and shift differential payments.

3. Following discovery that included the exchange of relevant documents and payroll records as well as the deposition of Plaintiff, the parties engaged in extensive negotiations between counsel and have entered into a Settlement Agreement and Release of All Claims (Settlement Agreement) resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. No class of collective claims were settled, and Plaintiff hereby nonsuits any class or collective claims, only Plaintiff's individual claim was settled.

4. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

5. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

6. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of her claims and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

7. The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024,

1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). The attorney fee payment in this case was negotiated separately from the negotiation of Plaintiff's alleged back wages settlement amount, and the agreed-upon fee amount had no effect on the amount that Plaintiff received, which is itself a result of arms-length negotiations based on the strengths and weaknesses of Plaintiff's claims and Defendants' defenses.

8. The proposed resolution above sufficiently closes all matters before the Court and warrants dismissal. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

Chris Burks (ABN: 2010207)
chris@wh.law
WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000
ATTORNEY FOR PLAINTIFF

        and

        Frederick L. Conrad III (TBN: 032043)
        Trip.conrad@wallerlaw.com
        Flynne M. Dowdy (TBN: 035926)
        Flynne.dowdy@wallerlaw.com
        Andrew S. Naylor (TBN: 017128)
        Andy.naylor@wallerlaw.com
        Waller Lansden Dortch & Davis LLP
        511 Union Street Suite 2700
        Nashville, TN 37219
        (615) 244-6380
        ATTORNEYS FOR DEFENDANT